[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant City of Stamford has filed a motion to dismiss, Practice Book 143(1), in this tax appeal claiming that the court lacks jurisdiction because the plaintiff failed to commence this action in a timely fashion.
The plaintiff, St. John's Roman Catholic Church of Stamford, applied directly to this court claiming that certain taxes imposed on it by the defendant were "manifestly excessive" and "a reduction in the amount of the tax and the assessment on which it was computed" was sought. The plaintiff did not indicate whether its appeal was based on General Statutes 12-118 or 12-119. However, since the plaintiff had not appealed to the Board of Tax Review, its claim necessarily is under General Statutes 12-119, and the plaintiff so states in its memorandum of law in opposition to the motion to dismiss.
The motion to dismiss is based on the provision in12-119 which states that when one applies to the court for relief from a manifestly excessive assessment, "[s]uch application may be made within one year from the date as of which the property was last evaluated for purposes of taxation. . ."
The defendant City claims that the application concerns the October 1, 1989 assessment, and that since it was not served until December 20, 1990, the time within which this appeal could be commenced had expired.
The problem with this argument is that the plaintiff had no quarrel with the October 1, 1989 assessment, because on that date its properties in question were declared tax exempt by the assessor. However, on March 7, 1990, the assessor determined that the plaintiff's parking lots which had been leased to a private concern on January 1, 1990 ". . . have become taxable as of that date." The plaintiff brought its suit within one year of that decision, and also of course within one year of January 1, 1990 when the property first became taxable.
The plaintiff makes a very good argument that under the defendant's theory the city could wait until a few days prior to October 1 of any year, advise the taxpayer that as of that date or some prior date, for example, several months previous, his property was being taxed, and the taxpayer would then have to commence suit by September 30 of that year, which might be within as few as perhaps four or five days, in order to comply with the defendant's theory that suit must be brought within one year of October 1. CT Page 4143
I believe that the intent of General Statutes 12-119
is that suit must be brought either within one year of the time when the taxpayer is first notified that his property is being taxed, or within one year from the effective date of the new tax. In either event, plaintiff's suit is timely and the motion to dismiss is therefore denied.
So Ordered.
Dated at Stamford, Connecticut this 22 day of May, 1991.
WILLIAM B. LEWIS, JUDGE